IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

RENE MONTGOMERY and DEBORAH     )
JOHNSON,                         )
                                 )
     Plaintiffs,                 )
                                 )
v.                               )     No. 08-2344 A/P
                                 )
HARRAH'S ENTERTAINMENT, HARRAH'S )
CASINO, formerly GRAND CASINO    )
TUNICA, and SCHINDLER ELEVATOR   )
CORPORATION,                     )
                                 )
     Defendants.                 )

---

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

Before the court is defendant Harrah's Entertainment Inc.'s ("Harrah's") Motion to Dismiss, filed on May 29, 2009. (D.E. 10.) Defendant Schindler Elevator Corporation ("Schindler") filed a response and joinder to the motion to dismiss on June 15, 2009. (D.E. 13.) Plaintiffs Rene Montgomery and Deborah Johnson filed a response in opposition on August 3, 2009, and Harrah's filed a reply on August 10, 2009. The motions to dismiss were referred to the magistrate judge for a Report and Recommendation.

The court submits the following proposed findings of fact and conclusions of law, and recommends that the motion to dismiss be GRANTED.

## I.  PROPOSED FINDINGS OF FACT

Plaintiffs filed this personal injury lawsuit in the Western District of Tennessee on May 28, 2008.  According to the complaint, plaintiffs were guests at Grand Casino Tunica (now Harrah's Tunica) in Tunica County, Mississippi, on or about May 28, 2005.  After dining at a restaurant inside the casino, plaintiffs stepped onto an escalator, and shortly thereafter it malfunctioned and jerked forward.  The plaintiffs were thrown down the escalator and suffered unspecified severe injuries.  Plaintiffs each seek $100,000 in compensatory damages, $100,000 in punitive damages, and an award of attorney's fees.

In their motions to dismiss, defendants argue that the complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) due to defective and untimely service of process.  Defendants also argue that the complaint should be dismissed because the events giving rise to the plaintiffs' injuries took place more than one year prior to the filing of the complaint, and therefore, the claims are time-barred by Tennessee's one-year statute of limitations.

Plaintiffs respond that their complaint should not be dismissed for failing to timely serve defendants because it was the Clerk of Court's fault that the summons were issued late.  They also assert that the statute of limitations for Mississippi, which is three years, should apply in this diversity action.

-2-

## II.  PROPOSED CONCLUSIONS OF LAW

Defendants' motions seek to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as under Rules 12(b)(4) and 12(b)(5).  Because the court finds that dismissal is proper in this case under Rule 12(b)(6), the court does not reach the defendants' arguments under Rule 12(b)(4) or Rule 12(b)(5).

Rule 12(b)(6) permits the court to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) does not "require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957).  However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

The United States Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ("retiring" the "no set of facts" standard first announced in Conley v. Gibson, 355 U.S. 41 (1957)).  As explained by the Sixth Circuit, on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all

factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 502 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 570). Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555).

Construing the complaint in the light most favorable to the plaintiffs and accepting all factual allegations as true, the court concludes that plaintiffs have failed to state a claim. As explained recently by District Judge S. Thomas Anderson in a case involving substantially similar facts as the present case, federal courts sitting in diversity in Tennessee apply the statute of limitations of the forum as a "procedural" measure. Coates v. Harrah's Entm't, No. 08-2557-STA-dvk, 2009 WL 973083, at *2 (W.D. Tenn. Apr. 9, 2009) (citing Elec. Power Bd. of Chattanooga v. Monsanto, 879 F.2d 1368, 1375 (6th Cir. 1989) (stating that "statutes of limitations are procedural rules and thus the statutes of limitations of the forum state – Tennessee – apply to the claims brought by both the Tennessee and the Alabama plaintiffs")); see also Harper v. Brinke, No. 3:06-cv-412, 2009 WL 26693, at *2 (E.D.

Tenn. Jan. 5, 2009); <u>Schwegman v. Howard</u>, No. M2001-00845-COA-R3-CV, 2002 WL 31247084, at *3 (Tenn. Ct. App. Oct. 8, 2002) (citing <u>Cronin v. Howe</u>, 906 S.W.2d 910, 913-14 (Tenn. 1995)).[1]

In this case, plaintiffs have alleged strict liability, negligence, negligent infliction of emotional distress, and breach of implied warranties of merchantability and fitness for a particular purpose. (D.E. 1 at 1.) "In Tennessee, the appropriate statute of limitations is determined by the type of injuries claimed and the damages sought." <u>Monsanto</u>, 879 F.2d at 1375. A one-year statute of limitations applies to products liability claims, Tenn. Code Ann. § 28-3-104 (2009); <u>McLean v. Bourget's Bike Works, Inc.</u>, No. M2003-01944-COA-R3-CV, 2005 WL 2493479, at *3 (Tenn. Ct. App. Oct. 7, 2005), negligence claims, <u>Coates</u>, 2009 WL 973083, at *2, and negligent infliction of emotional distress claims, <u>Howell v. Fed. Express Corp.</u>, No. 03-2098 ML/V, 2004 WL 2384846, at *4 (W.D. Tenn. Sept. 30, 2004); <u>Stewart v. Memphis Hous. Auth.</u>, 287 F. Supp. 2d 853, 858 (W.D. Tenn. 2003). Although breach of implied warranty claims are governed by a four-year statute of limitations, <u>Layman v. Keller Ladders, Inc.</u>, 455 S.W.2d 594, 595-96 (Tenn. 1970), the plaintiffs' claims in this case clearly sound in tort and therefore the statute of limitations for

---

[1] In <u>Harper</u>, the court noted that there is an exception to the general rule that Tennessee courts apply the statute of limitations of the forum where a statute of limitations "is built into the same statute that creates the cause of action." 2009 WL 26693, at *2. That exception does not apply in this case.

products liability claims applies.  See Vaugh v. DP Packaging, Inc., 17 F. App'x 286, 291 (6th Cir. 2001) (noting the finding of magistrate judge that claims of personal injuries resulting from use of pepper spray were grounded in products liability, not breach of implied warranty).  In sum, all of plaintiffs' claims are governed by Tennessee's one-year statute of limitations.

Plaintiffs have alleged that the events giving rise to their injuries occurred on or around May 28, 2005.  They filed the complaint on May 28, 2008, three years after their causes of action accrued.  In the absence of some allegation that the statute of limitations should be tolled, plaintiffs' claims are time-barred under Tennessee law.

### III.  RECOMMENDATION

For the reasons above, the court recommends that the motions to dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 24, 2009
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**